MEYER KIERSKY,

versus

PETER P. ROWAN COMPANY, LIMITED

**87 15**

NO. 8715

COURT OF APPEAL,

PARISH OF ORLEANS

---

WILLIAM A. BELL, JUDGE:

---

November 27, 1922.

Court of Appeal
PARISH OF ORLEANS
FILED Nov 27/22

8715

BY: WILLIAM A. BELL, JUDGE:

Plaintiff sues the defendant corporation for damages suffered to his automobile by a collision with the defendant's auto truck. The extent of this damage was alleged and to have been Two Hundred and Four Dollars and Twenty-Five (\$204.25). Additional damages were claimed in the sum of Three Hundred and Ten Dollars (\$310.00) for resulting loss of use of plaintiff's car during thirty-one days. The case was tried without jury and the judge of the trial court rendered judgment in favor of plaintiff in the sum of \$204.25. There were no reasons given for judgment, but from the amount allowed it is to be presumed that only actual damages to plaintiff's car and not those claimed for loss of the use of the car, were allowed.

Upon appeal, plaintiff, as appellee, prays for an amendment of the judgment so as to allow the total amount claimed, to wit, \$514.25.

Plaintiff's petition alleges that on September 26, 1920, about 11 o'clock A.M., at the corner of Spruce and Burdette Streets in this City, a Peerless Sedan automobile owned by him was injured by an auto truck of the defendant corporation; that the accident occurred at the time that petitioner's auto had come to a stop to allow a passenger to alight, and was at a standstill and was on the lake side of Spruce St. facing down, where it had a right to be; but that the truck of defendant was backed by its driver out of Spruce St. into the rear right side of plaintiff's auto, colliding with and injuring same. The usual allegations are made of negligence on the part of the defendant corporation and its employee, or driver of the auto truck. There is a supplemental petition containing allegations which need not be noted here.

The defendant answers by admitting the date and the place of the accident; and particularly the allegations contained in the second paragraph of plaintiff's petition, which contains the facts just above narrated. At the same time, however,

defendant denies particularly that plaintiff's automobile had the right to be on the lake side of Spruce St. facing downtown, but that on the contrary, the position of said automobile was violative of the ordinance of the City of New Orleans governing street traffic, and that the act of the plaintiff constituted negligence on his part, and on that of his employee, or chauffeur, and that the collision and accident were due solely and entirely to the fault and negligence of plaintiff and his employee, and to the fact that plaintiff stopped his automobile at the place and in the manner mentioned, all in violation of the ordinance which prohibits vehicles from stopping with their left sides to the curb except on a one way traffic street.

Defendant particularly alleges that Spruce St. on which the accident happened is not a one way traffic street. Defendant further alleges that while its auto truck was in the act of backing out of Burdette St. into Spruce St. after being stuck in a hole in Burdette St. that the said auto truck was half way around the turn, backing towards down town on Spruce St. and towards the lake-side of said street, plaintiff's automobile came down Spruce St. and passed the truck to the right thereof and came to a stop, with its left side to the curb lake-side of Spruce St. facing downtown; that plaintiff in so passing the defendant's truck to the right violated the ordinance as pleaded and was thus guilty of negligence; that defendant's driver had the right to assume that plaintiff would obey the law, not passing him to the right nor stopping his car, in violation of the said ordinance, on the wrong side of the street; that consequently, defendant's driver continued to back his truck slowly, in order to put it in position to proceed up Spruce St., as he had a right to do; that defendant's driver was without fault, and at all times acting within the law, and had his truck under full control and government.

The pertinent parts of the ordinance offered in evidence and pleaded by defendant in support of the allegations of negligence against the plaintiff, read as follows:

487

(a) "No vehicle shall stop with its left side to the curb, except on a one-way traffic street and then only for the purpose of loading or unloading." *****

(b) No vehicle shall stop in any public street except close to the right hand curb; except as provided in parking rules, or in an emergency, or to allow another vehicle or pedestrian to cross its path, nor shall any vehicle stop in such manner as to impede the progress of other vehicles or of pedestrians."

The evidence in this case shows that on the morning of the accident, the defendant's auto truck was being used, with its consent for the accommodation of a friend, a past customer of the corporation, who was moving some of his household effects to his residence on Burdette St. between Spruce and Cohn St. in this City, and that defendant's auto truck driver in going to this residence came down Spruce St. from Carrollton and turned into Burdette St. towards the river, and at a short distance from the upper corner of Burdette and Spruce Sts. the auto truck was stalled in Burdette St. which was unpaved, and in a muddy condition. The truck-driver, in order to get out of the hole in which the machine was stalled, backed from the upper side of Burdette St. from a point about 30 ft. from the corner of Burdette and Spruce Sts. and at an angle of about 45 degrees, backed into, down and towards the lake-side of Spruce St. and while in continuous motion, but going at a very slow rate of speed, the rear right end of the auto truck collided with the rear right end of plaintiff's automobile, at the moment that plaintiff's car had come to a stop for the purpose of discharging a young lady passenger, who was riding with plaintiff at the time.

The evidence is conclusive that before the collision occurred ~~that~~ plaintiff was coming with his car from out of Spruce St. on the upper side of Burdette St., and while going in that direction of downtown, that plaintiff crossed to the right of defendant's auto truck while the latter was backing into Spruce St. as above described.

Three witnesses for defendant, that is, the driver of the truck, a former employee of the defendant company, and a friend who was using the auto truck, all agree that plaintiff's car came from the upper side of Burdette and Spruce Sts. and crossed to the right of the auto truck about three feet away from the truck and between it and the lower-lake corner of Spruce and Burdette.

We find as a fact that the truck driver in backing down into Spruce St. failed to look to the rear, as he might have done, but that every care and precaution was taken by him, in sounding his horn several times just before getting into Spruce St. The auto truck was equipped with a driver's cab having three windows, one to the front and two on either side of the driver. One of the witnesses, a colored man, a former employee of the defendant company, was standing in the truck in the forward and left part thereof, immediately behind the driver, but not in view of him because of the rear part of the cab being closed. This witness at the trial drew a pencil sketch of the locality of the accident, and the position of the cars at the time of the accident.

The sketch was offered in evidence by defendant and while not containing any designated measurements, we find it most helpful and corroborative of defendant's witnesses, whom we believe have correctly and truthfully detailed the causes and circumstances of the accident. That plaintiff was at fault in violating the City Traffic ordinances is beyond peradventure. His car should not have been at the place nor in the position we find it at the moment of collision. While this fact is admitted in argument and brief, it is contended that the proximate cause of the accident was the failure of the truck-driver to look to the rear, and not forward while in the act of backing. The evidence, however, shows that had he done so, he could not have seen plaintiff's car which had slipped in between the truck and the curb at the moment of contact.

The doctrine of last clear chance is not applicable to the physical facts plainly established by a preponderance of evidence. Counsel for plaintiff particularly relies upon the decision of this court in Vaughn v. N.O. Ry. & Light Co., 13 Orl. Appl. 116. In the cited case, it is clear that the plaintiff was himself negligent in violating the city ordinance in question, that defendant failed to avoid the accident when both carefulness and time were available. In the instant case, we find that all reasonable care was exerted by the truck-driver, but that the collision and plaintiff's violation of the ordinances were simultaneous, allowing no opportunity to defendant's employee to avoid the accident.

Admitting, arguendo, that the truck-driver should have looked to the rear while backing in that direction (though we find that doing so would not have enabled him to see plaintiff's car) we are of the opinion that the law of this case is found in what we have said in Adams v. Gallagher, 11 Orl. Appl. 330:

> "When the evidence shows that plaintiff's negligence was the proximate cause of his injury, he cannot recover against the defendant, although defendant's servants were guilty of prior negligence."

See also: Myers v. Perry, 1 La. Ann., 372; Woods v. Jones, et als., 34 La. Ann. 1086; Clements v. La. Electric Light Co., 44 La. Ann. 692; Borell v. Cumberland Telegraph & Telephone Co., 133 La., 650; Legendre v. Consumers' Seltzer & Mineral Water Mfg. Co., 147 La., 128

After careful consideration of the evidence in this case and of the authorities above cited, we are of the opinion that the judgment of the trial court is erroneous, and that plaintiff is in no manner entitled to recover the damages prayed for.

It is therefore ordered, adjudged and decreed, that the judgment herein appealed from be, and the same hereby is reversed, and that there now be judgment in favor of defendant, dismissing plaintiff's petition at plaintiff's cost in both courts.

JUDGMENT REVERSED.